CHARLES Z. FRICK, Plaintiff in Error, v. ANTHONY JOSEPH, Defendant in Error.

*January 24, 1881.*

ACCORD AND SATISFACTION.    (1) *Executory agreement to pay out of pro-proceeds of a mine is not.*

JUDGMENT NON OBSTANTE VEREDICTO.    (2) *Discretionary with court.*

1.    The maker of a promissory note for $250 agreed to give the holder a portion of the proceeds of an interest in a mine, and claimed that the same was agreed to be in full payment for the note. At one time he paid the holder out of such proceeds the sum of $86, which was credited upon the note. Subsequently, he tendered the holder $50, all of the further proceeds of the mining interest, but the holder refused to accept this sum in full payment for the note and to surrender the note, and brought suit upon it.

It appeared that neither at the time the agreement was made nor subsequently did the holder surrender the note, give a receipt, or execute a release, and that he kept the note and credited all the money paid on it. It also appeared that at the time of the agreement the maker did not demand the note, or a receipt ; that two years afterwards he paid the $86 on the note, and that five years later tendered the $50.

*Held,* That an agreement to settle a claim or demand in order to constitute an accord and satisfaction, and as such bar an action, must be executed. That this agreement was not executed but executory, since the money with which to pay the note was to be produced from the mine; and held, further, that the acts of the parties showed no intention to treat the agreement as an accord and satisfaction.

2.    The rendition of judgment *non obstante veredicto* is discretionary with the court.

Error to the District Court of Taos county.

Frick v. Joseph.

This suit was brought to recover the amount due on a certain promissory note made by the defendant and one William W. Henderson, deceased, to plaintiff for $250, dated January 29th, 1868, payable five months after date, with twelve per cent. per annum interest after maturity. On this note the sum of $86 was paid March 10th, 1873.

The defendant pleaded non assumpsit and three special pleas. To two of the special pleas plaintiff's demurrer was sustained, issue was joined on the plea of non assumpsit and on the second of the special pleas, and the cause was heard upon the issue so made up.

The evidence offered on the part of the plaintiff was the promissory note sued on, and the depositions of Catron and Breeden, with the letter therein referred to; and on the part of the defendant, the deposition of Gourgas Pope, and deed of conveyance accompanying the same.

A jury was waived by the parties and the cause submitted to the court for determination by stipulation. The court found for the defendant on the special plea and gave judgment for the plaintiff only for the amount admitted by the special plea to be due, to wit, the sum of $50 and interest; to which the plaintiff excepted and moved for a new trial, which motion was overruled, and the cause is brought into this court by writ of error.

*Breeden & Waldo*, for plaintiff in error.

The plaintiff claims that he is entitled to judgment for the full amount of the note sued on and interest, less $86 paid thereon.

The finding of the court had the same effect, and should be here treated by the same rules as the verdict of a jury: *Ryan et al. v. Carter et al.*, 93 U. S., 81.

The defense rests entirely upon the special plea, and the finding and judgment of the court was for the defendant on his said special plea.

There was no evidence to sustain this plea, or to authorize

said finding.   On the contrary, the evidence shows that the agreement alleged in the plea was not performed, and that the defendant and his associate mentioned in the plea, placed it out of their power to perform the agreement.   The evidence appears to refer to another and different note from that sued on, and if held to refer to the note sued on, it shows a different agreement from that set up in the plea.

The alleged agreement constituted no bar or defense to the suit.   No consideration was alleged or proven.   The alleged agreement was void, a mere *nudum pactum*, and the plaintiff was not bound thereby: 7 Conn., 57; 5 Mass., 301; 4 Johns., 235; 6 Yng, 418; Bouvier's Law Dictionary, title Consideration; 2 Greene, 553.   As to necessity of proof of consideration, see 13 Conn., 170; 14 Johns., 238; 10 Wend., 675; 17 Johns., 301.

The alleged agreement was at most merely an accord, and was not binding upon the plaintiff, and constituted no bar of defense to the suit, because it was without consideration, was not advantageous to the plaintiff, was not certain, and was not executed or followed by performance or satisfaction: Bouvier's Law Dictionary, title Accord; 3 Wendell, 66; 14 Wendell, 116; 2 Johns., 342; 16 Johnson, 86; 2 Wash. C. C. 180; 6 Wend., 390; 5 N. H., 136; 2 Greene, 553.   There was no evidence of the substitution of a new undertaking, or of any release of the makers from liability on the note, but on the contrary, the defendant's witness swears that he and the defendant assumed the payment of, and agreed to pay the note, and the defendant's plea shows that the payment made was applied upon the note, and by his pleadings the defendant admits and shows that the note has not been extinguished, but is still in force.   The defendant's liability on the note was not extinguished or changed, but the evidence, if it shows anything in connection with the note sued on, shows that the proceeds of the mine, according to the alleged agreement, were to be applied to the payment of the

Frick v. Joseph.

note: 7 Johns., 315; 2 Wendell, 431. If the special plea
was sustained by the evidence, the plaintiff was entitled to
judgment, *non obstante veredicto*, because the plea and the
matters therein pleaded, constituted no bar or defense to the
suit.    The plea shows no consideration for the agreement
therein alleged: it does not show that the defendant's lia-
bility was affected by the agreement.    The plea at most sets
up merely an accord, which was not binding, and was not
executed, and it sets up no matter or thing, which, if true,
would bar the plaintiff from his suit for the full amount of
the promissory note, or constitute a defense thereto : 12 Ohio
204; 2 Hill, 86; 1 Root, 351; 1 Chitty, 656; Freeman on
Judgts, 7; Stephen on Pleading, 97.

The whole case being before this court, and no new trial
being necessary in the court below, this court should render
judgment for the plaintiff for the amount of the promissory
note sued on, and interest.    If the court should decline to
render such judgment, then the judgment in this cause
should be reversed, and a new trial awarded on the pleadings
and proofs as they now stand, and according to the decision
and direction of this court: Compiled Laws of New Mexico,
sec. 7, p. 108.

*Conway & Risque*, for defendant in error.

The finding and judgment of the court below was in
accordance with the law and the evidence, and should be sus-
tained.

*First*, as to the evidence: The testimony of Messrs.
Catron and Breeden, on behalf of the plaintiff, as to the let-
ter signed Frank Pape, is wholly irrelevant, impertinent and
immaterial, said Frank Pape not being in any way connected
with the case.    The uncontradicted testimony of Gourgas
Pope shows that plaintiff agreed with W. W. Henderson,
whose name is signed to said note on the face as maker, to
accept a certain interest in a mine in settlement of the note

sued on; that plaintiff received eighty-six dollars as his share from the mine.

*Second.* Plaintiff having thus released Henderson, one of the joint makers of the note, it follows that Joseph, the defendant, is released from all liability on the note, for "a release to one of several joint contractors is in law a release to all:" Byles on Bills, p. 375, sec. 232 and foot notes. "A release of one of several joint debtors who are severally as well as jointly liable is equally a release to all:" Byles on Bills, p. 375, sec. 232. "The holder of a joint and several note of A and B, by discharging A discharges B also:" Chitty on Bills, p. 417, sec. 418. "A release of one joint maker or indorser by the holder, whether they are accommodation parties or not, will discharge all the joint parties, for such a release is a complete bar to any joint suit, and no separate suit can be maintained in such a case; in short, when the debt is extinguished as to one, it discharges all, whether the parties intend it or not:" Story on Promissory Notes, sec. 425, p. 549 and foot note; Parsons on Contracts, sec. 27, vol. 1.

There was a consideration for the agreement set up in the plea; the consideration was the interest in the mine. This is set out in the plea and substantiated by the evidence. Not only this, but the credit on the back of the note shows that the money was paid by Pape & Joseph. Why should Pape pay anything on the note in question if it were not in pursuance of the said agreement? And why should plaintiff receive money from Pape if not in pursuance with his agreement with Henderson, there being nothing to show any indebtedness by Pape?

The plea is a good defense. "The holder discharging or giving time to any of the parties will be a discharge to every other party thereto," etc.: Story on Promissory Notes, p. 530, sec. 413.

The testimony of Pope identifies the note spoken of by

Frick v. Joseph.

him as the one sued on.   The amount stated by him to have
been realized from the mine corresponds to the amount cred-
ited on the note.

PARKS, Associate Justice:   This case is clearly stated by
the plaintiff in error, and is as follows:

This suit was brought in the court below to recover the
amount due on a certain promissory note made by the defend-
ant and one William W. Henderson, then deceased, to plaintiff
for $250, dated January 29, 1868, payable five months after
date with interest at twelve per cent. per annum after matu-
rity, on which the sum of $86 was paid March 10, 1873.
The defendant pleaded non-assumpsit and three special pleas.
To two of said special pleas, the plaintiff's demurrer was sus-
tained and issue joined on said plea of non-assumpsit and the
second of said special pleas, and the cause was heard upon the
issues so made up.   The evidence offered on the part of the
plaintiff was the Gourgas promissory note sued on, and the
depositions of Catron and Breeden, with the letter therein
referred to, and on the part of the defendant, the depositions
of Gourgas Pope, and deed of conveyance accompanying
same.   A jury was waived by the parties and the cause sub-
mitted to the court for determination, by stipulation.   The
court found and gave judgment for the plaintiff for the
amount admitted by said special plea to be due, only, to wit,
the sum of $50 with interest, to which the plaintiff excepted,
and moved for a new trial, which motion was overruled, and
the cause brought into this court by writ of error.   The sec-
ond special plea is as follows:

"And for a further plea in this behalf, the said defendant
says *actio non*, because he says that long after the maturity
of the note sued on and set forth in said petition, to wit : on
or about the 25th day of May, 1870, the said plaintff agreed
with the said William W. Henderson, the maker and princi-
pal on said note, to accept in full satisfaction and payment of

said note a certain portion of the proceeds of a certain interest then owned by the said William W. Henderson in a mining claim known as the California Company's Claim, situate in Humbug Gulch, in the county of Colfax, and that the said interest was then and there turned over to the said defendant and one Gourgas Pope by the said Henderson to carry out the said agreement; that on or about the 10th day of March, 1873, the said interest produced as the proportion due the said plaintiff the sum of $86, which was paid to the said plaintiff by the said defendant and the said Pope, and credited on the back of said note by the said plaintiff; that the said interest produced as the proportion due the said plaintiff, on or about the 24th day of May, 1875, the further sum of $50, as the only further product besides the $86, and as the final and last product of said interest to be paid said plaintiff in full settlement of said promissory note, and as to the said sum of $50 of the said several sums of money in the said declaration mentioned, the said defendant says that the said plaintiff ought not to have or maintain his aforesaid action thereof against him, to recover any more or greater damages than the said sum of $50, parcel, etc., in this behalf, because he says that after the making of the said several supposed promises and undertakings in the said declaration mentioned as to the said sum of $50, parcel, etc., and before the filing of the petition herein, to wit: on the 13th day of April, 1875, at the county of Taos, that is to say at the county of Mora aforesaid, he, the said defendant, was ready and willing and then and there tendered and offered to pay to the said plaintiff the said sum of $50, parcel, etc., to receive which of the said defendant, he, the said plaintiff, then and there wholly refused; and the said defendant, in fact, further saith that he, the said defendant, has always from the time of the making of the said several promises and undertakings in the said declaration mentioned, as to the said sum of $50, parcel, etc., hitherto at the county of Mora aforesaid, been ready

Frick v. Joseph.

to pay, and still is there ready to pay to the said plaintiff, the said sum of $50, parcel, etc., and he now brings the same into court here ready to be paid to the said plaintiff, if he will accept the same; and this he, the said defendant, is ready to verify. Wherefore, he prays judgment if the said plaintiff ought to have or maintain his aforesaid action aginst him, to recover any more or greater damages than the said sum of $50, parcel, etc., in this behalf, etc.

"CONWAY & RISQUE,
"*Attorneys for Defendant.*"

The demurrer to this plea was overruled, but it is a little remarkable that the learned judge who overruled it, at the same time gave the defendant leave to amend it, and that defendant did not amend.

If this plea sets up a defense to the note as held by the court below, it is as an accord and satisfaction. The general doctrine that an agreement to settle a claim or demand in order to constitute a bar to an action, must be executed, is so well settled that it is stated on high authority that a "decision to the contrary would overthrow all the books."

The law applicable to this case is believed to be well stated by the supreme court of Vermont in *Babcock and others v. Hawkins*, 23 Vermont, 563, The court says: "The accord is sufficiently executed when all is done which the party agrees to accept in satisfaction of the pre-existing obligation. This is ordinarily a matter of intention, and should be evidenced by some express agreement to that effect, or by some unequivocal act evidencing such a purpose; this may be done by surrender of the former securities by release or receipt in full or in any other mode. All that is requisite is that the debtor should have executed the contract to that point whence it was to operate as satisfaction of the pre-existing liability in the present tense; this is shown in the present case by executing a receipt in full the same as if the old contract had been upon note or bill and the papers had been surrendered."

In the case at bar, the intention of the parties is shown upon the part of the plaintiff, by the facts, that he did not surrender the note, did not give a receipt, did not execute a release, that he kept the note for years and credited all the money paid on the note; and upon the part of the defendant, it is shown by the facts that at the time of the agreement, he did not demand the note or a receipt, that two years after he paid $86 on that note, and five years after, as stated in his plea, he tendered $50 as the final and last product of said interest to be paid said plaintiff in full settlement of said note.   We cannot understand how defendant could pay plaintiff $50 in full satisfaction of the note in 1875, if the note had been extinguished by the agreement in 1870, and a new contract substituted for it. Against these convincing proofs that it was not the intention of the parties to substitute the new contract for the old, is the testimony of Pope to the effect that he understood the agreement and deed described in his deposition to be intended as a release of the note; but his testimony was taken six years after the transaction, and the deed furnishes no evidence of any such intention.   In the view we take of this case, it is not necessary to examine particularly the weight of Pope's testimony, and in any view of the case, his recollection of the intention of the parties after so long a time is very slight testimony compared with the conclusive acts of the parties themselves.   The agreement set forth in the plea does not show what kind of mine it was, whether it was of any value or what portion of its proceeds plaintiff in error was to receive; so far as the agreement shows, the mine may have been utterly worthless and the agreement void for want of consideration.

It is evident also from the plea that this was not one of that kind of agreements which are executed at the time they are made; plaintiff agreed to accept in full satisfaction and payment of the note, a certain portion of the proceeds of a certain interest in a mining claim.   No portion of the pro-

ceeds of the mine could be accepted till it was produced from the mine. Eighty-six dollars was produced, tendered and credited on·the note two years after, and $50 produced, tendered and not accepted five years after according to the plea.

The plea is inconsistent with itself; the plea of accord and satisfaction denies any and all indebtedness; the plea of tender admits that something is due.

The judgment on this plea should have been against the plaintiff for costs or in his favor for note and interest, deducting only the $86 paid, for there is no proof of the tender of the $50, and, in fact, there is no evidence of what became of the mine or of any interest in it, after the $86 was paid. For aught that appears in the testimony, the portion of the proceeds of the mine to which plaintiff was entitled under the agreement, may have amounted to enough to pay the note. The plaintiff in error claims that the court has the right in this case to render judgment *non obstante veredicto*, as upon confession for the balance due on the note, but the exercise of that right is discretionary, and in this case we think it proper to give the defendant the benefit of a new trial.

For this purpose the judgment is· reversed and remanded, with leave to the defendant to amend his plea.

All concur.